WILLIAM H. HOTCHKISS ESTATE, MARY B. HOTCHKISS, ELEANOR H. POTTER ESTATE, RODERICK POTTER, MARGARET H. STREIT, AND RAYMOND E. STREIT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16101, 17510–17512, 17862, 23722–23725.   Promulgated July 16, 1929.

*Carl H. Smith, Esq.,* for the petitioner.
*A. H. Morris, Esq.,* for the respondent.

1336

## OPINION.

MORRIS: Briefly stated, the sole question remaining for consideration after all others have been stipulated and agreed to by the parties, is whether certain profits are taxable to and certain losses deductible by the estate of William H. Hotchkiss, or whether said profits are taxable to and the losses deductible by the individual beneficiaries.

The position taken by the petitioners is that the profits should not have been taxed to the estate, but to each of the several beneficiaries, and that the losses should not be attributed to the estate as a taxable entity but should be apportioned among said beneficiaries.

Section 219 of the Revenue Act of 1921, in so far as applicable here, provides:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests:

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. * * *

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a) and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not * * *.

The will, after providing for the payment of all expenses connected with the administration of the estate and devising a certain dwelling house and automobiles owned by the testator at the time of his death to the widow of the testator, directed the executors to " divide " the residue of the estate into 18 parts—6 to Mary B. Hotchkiss, 4 to Eleanor H. Potter, 4 to Margaret H. Streit, 2 to Roderick Potter, or to his children in the event that he predeceased the testator, and 2 to Raymond E. Streit, or, in the event he predeceased the testator, then to the children of said Streit.

It is clear that the estate here is not governed by subsections (a) (2) and (3) of section 219, *supra*. The respondent contends that because the will of Hotchkiss empowered the executors to hold existing investments and manage the estate as he, the testator, might have if still alive, and because the petitioners and the respondent have, as he states, treated the income of the estate as distributable periodically, although not at regular intervals, the case falls within subsection (a) (4), *supra*, that is, that all the income is taxable to the

beneficiaries. We can not agree with this contention. It is true that the instrument creating the estate gave the executors almost unlimited powers and discretion in the management of the estate properties, but there is no direction in the will of the testator for the distribution of income, either periodically or otherwise. The testator's express direction to the executors was that the estate be divided into 18 stated parts, and we construe the word "hold" used by the testator, which the respondent stresses in his argument, to mean during the time necessary to properly conduct the administration and settlement of the estate.

It will be noted that the only controversy in connection with income items arises over the sale by the estate in 1922 and 1923 of certain securities. The proposed deficiencies against the estate for those years are based upon those transactions. In view of that fact we are unable to understand the above argument of the respondent and the concluding clause of his brief " that the distributees should be required to include in their incomes for 1922 and 1923 the gains on sales of securities, because distributable to the beneficiaries under the will." We agree, however, with the respondent's action in taxing to the estate the gains derived by it upon the sale of securities. *Marion Shainwald Sevier et al.*, 14 B. T. A. 709.

We are also of the opinion, notwithstanding attempted distinctions by counsel for the petitioners, that the loss on the sale of securities is governed by *Marion Shainwald Sevier*, *supra*, and other cases therein cited, and that said loss is not allowable to the beneficiaries. In that case we said:

Petitioner contends that she has the right to deduct from her gross income 27 per cent of the capital loss of the estate. It is clear that section 219 imposed a tax upon an estate in the process of administration as a distinct taxable entity, separate and apart from its beneficiaries, and it is further clear that the estate had the right to take such capital loss as a deduction. So far as the deductibility of capital losses is concerned, we can see no distinction with respect to income taxation between an estate in the process of administration and a trust. Both are treated as taxable entities by section 219. Further, the capital loss of the estate did not arise out of any trade or business carried on by petitioner nor in any transaction entered into by her for profit. (Section 214 (a) (1) and (4). This contention must be decided adversely to the petitioner on the authority of *Walter S. Gurnee et al., Executors*, 13 B. T. A. 262, *Arthur H. Fleming*, 6 B. T. A. 900; *O. Ben Haley*, 6 B. T. A. 782; *Baltzell* v. *Mitchell, supra;* and *Whitcomb* v. *Blair*, 25 Fed. (2d) 528. See also in this connection, *F. W. Matthiessen, Jr.*, 2 B. T. A. 921 and *Matthiessen* v. *United States*, 65 Ct. Cls. 484 (writ of certiorari denied by the Supreme Court April 8, 1928).

*Judgment will be entered under Rule 50.*